# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JULIAN D. PACE,

      Petitioner,

v.                                                 Civil action no. 3:04CV119
                                                     Criminal action no. 3:02CR33
                                                       (Judge Broadwater)

UNITED STATES OF AMERICA,

      Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On December 14, 2004, the *pro se* petitioner, an inmate at FCI-Gilmer, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. By Order entered on December 22, 2004, the Court ordered the respondent to answer the motion. On January 21, 2005, the respondent filed Response of the United States to Defendant's Motion Made Pursuant to 28 U.S.C. 2255. On February 1, 2005, the petitioner filed a response.

This matter, which is pending before me for initial review and report and recommendation pursuant to the December 21, 2004, Order of Referral, issued by the Honorable W. Craig Broadwater, is ripe for review.

### II. FACTS

**A. Conviction and Sentence**

On August 5, 2003, the petitioner was convicted by a jury for the Northern District of West Virginia of conspiracy to possess with the intent to distribute and to distribute in excess of 50 grams

of crack cocaine (Count One) and distribution of .36 grams of crack cocaine (Count Two).

On November 18, 2003, the Court sentenced the petitioner to 262 months imprisonment on Count One and 240 months imprisonment on Count Two to run concurrently with the sentence on Count One.

The petitioner filed a direct appeal from his conviction and sentence. On appeal he argued that there was insufficient evidence to support the conspiracy conviction; that the Court's instruction regarding his right not to testify at trial was inaccurate and misleading; and, the court erred in refusing to **give his instruction**. On July 29, 2004, the Fourth Circuit Court of Appeals affirmed the petitioner's conviction and sentence.

## B. Federal Habeas Corpus

### Petitioner's Contentions

The petitioner contends that his counsel, Brian Kornbrath, was ineffective for failing to object to the Government's failure to file an §851 notice and failing to object to violations of the petitioner's Fifth Amendment rights.[1] He further asserts that Blakely v. Washington, 542 U.S. 296 (2004), should be applied to his case.

### Respondent's Contentions

The respondent contends that the petitioner's motion is without merit and should be denied.

## C. Recommendation

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the Court's docket.

---

[1] The petitioner's motion is very vague and the undersigned is unsure what Fifth Amendment violation he is referring.

## III. ANALYSIS

### A. Ineffective Assistance of Counsel

Counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90.

Second, the petitioner must be prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The petitioner asserts that his attorney was ineffective for failing to object to the Government's failure to file an §851[2] notice with regard to his career offender enhancement. The career offender enhancement is a guideline enhancement. The Fourth Circuit has found "that section

---

[2] 21 U.S.C. §851(a)(1) provides as follows:

(a) Information filed by United States Attorney

**(1)** No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

3

851 was never intended to extend to enhancements under the Guidelines. The enhanced punishments to which section 851 refers are those provided for by statute." United States v. Foster, 68 F. 3d 86, 89 (4th Cir. 1995).

Consequently, because §851 does not apply to enhancements under the sentencing guidelines, the petitioner's counsel was not ineffective assistance for failing to object to the lack of §851 notice. Further, the petitioner actually benefitted from the Government's failure to file an §851 notice because the Government was precluded from seeking enhanced statutory penalties for prior drug convictions.

Additionally, contrary to the petitioner's allegation, the career offender issues did not need to be presented to the grand jury because prior felony convictions are merely sentencing enhancements, not elements of the offense. Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). See also, United States v. Dowall, 2005 WL 1953093 (4th Cir. 2005).

Thus, the petitioner was not provided ineffective assistance of counsel.

## B. **Blakely, Now Booker, does not apply Retroactively**

The petitioner asserts that Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004) applies to his sentence. Blakely, as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." Blakely, 524 U.S. at ____, 124 S.Ct. at 2537 (citations omitted).

The Supreme Court has held that Blakely applies to federal sentencing guidelines. United States v. Booker, ___ U.S.___, 125 S.Ct. 738 (2005). Specifically, in Booker the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing

4

guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal. While the Supreme Court determined that both of its holdings in Booker applied to all cases on direct review, the Supreme Court did not address whether Booker applies retroactively to cases on collateral review.

While the Fourth Circuit Court of Appeals has not ruled on the retroactivity of Booker, other circuits have held that Booker does not apply retroactively to §2255 motions when the judgment became final as of the date the Supreme Court issued Booker. See Varela v. United States, 400 F. 3d 864 (11th Cir. 2005); United States v. Price, 400 F. 3d 844 (10th Cir. 2005); Never Misses a Shot v. United States, 413 F. 3d 781 (8th Cir. 2005); McReynolds v. United States, 397 F. 3d 479 (7th Cir. 2005); Humphress v. United States, 398 F. 3d 855 (6th Cir. 2005); Lloyd v. United States, 407 F. 3d 608 (3d Cir. 2005); Guzman v. United States, 404 F. 3d 139 (2d Cir. 2005).

Because the petitioner's conviction became final prior to the issuance of the Booker decision, in accordance with the just mentioned decisions, the Court finds that the petitioner is not entitled to have Booker applied retroactively to his sentence.

## IV. **RECOMMENDATION**

The undersigned recommends that the Court enter an Order **DENYING** and **DISMISSING WITH PREJUDICE**, the petitioner's §2255 motion.

Any party may file within ten (10) days after being served with a copy of this

5

Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia.

Dated: August 30, 2005

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE