**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**JULIAN DEMONT PACE,**

    Petitioner,

v.                               **CRIMINAL ACTION NO.: 3:02-CR-33-1
CIVIL ACTION NO.: 3:16-CV-103
(GROH)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER LIFTING STAY AND DISMISSING 28 U.S.C. § 2255 PETITION

Currently before the Court is the Government's Motion to Lift the Stay and Dismiss the § 2255 Petition [ECF No. 231].[1] On November 3, 2016, this Court ordered the matter stayed pending the Supreme Court's decision in Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), cert. granted, 136 S. Ct. 2510 (June 27, 2016). On March 6, 2017, the Supreme Court issued its opinion, finding the holding in Johnson v. United States, 135 S. Ct. 2551 (2015), inapplicable to the residual clause in § 4B1.2(a) of the United States Sentencing Guidelines. See Beckles v. United States, 137 S. Ct. 886, 890 (2017). Based upon the decision in Beckles, the Petitioner's 28 U.S.C. § 2255 petition must be dismissed.

On August 5, 2003, a jury returned a verdict of guilty as to Counts One and Two of the underlying criminal indictment, which charged the Petitioner with conspiracy to

---

[1] Unless otherwise indicated, all citations to docket numbers reference entries in the above-styled criminal matter.

distribute cocaine base and distribution of cocaine base.  Thereafter, on November 18, 2003, he was sentenced to 262 months of imprisonment as to Count One and 240 months of imprisonment as to Count Two, to run concurrently.  ECF No. 83.  In calculating the Petitioner's sentence, the Court took into consideration his criminal history, which includes a felony conviction for conspiracy to commit armed robbery in Maryland and a felony conviction for wanton endangerment involving a firearm in West Virginia.  These convictions were considered felony "crimes of violence" for the purpose of career offender enhancement under the Guidelines.

In his currently-pending § 2255 petition, the Petitioner argues that his previous convictions may no longer be considered crimes of violence under § 4B1.2(a), and therefore he is entitled to resentencing.  However, because the Supreme Court in <u>Beckles</u> refused to extend <u>Johnson</u> relief to sentencing enhancements under the Guidelines, the Petitioner does not receive the benefit of the new one-year limitations period established by 28 U.S.C. § 2255(f)(3).[2]

Judgment was entered against the Petitioner on November 18, 2003.  ECF No. 83.  He filed a notice of appeal on December 2, 2003, and, after consideration, the Fourth Circuit affirmed his conviction.  ECF No. 92.  On December 14, 2004, the Petitioner filed his first § 2255, which was denied and dismissed on the merits.  ECF No. 104.  The instant § 2255 petition was filed on June 30, 2016—more than ten years after the conclusion of the Petitioner's original habeas claim—and is thus untimely.  <u>See</u> 28 U.S.C. § 2255(f).

---

[2] Section 2255(f) establishes a one-year limitation period within which to file § 2255 petitions.  However, via subsection (f)(3), an inmate may restart this one-year limitation period if he can demonstrate that he is entitled to relief pursuant to a right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Accordingly, upon consideration, the Court **ORDERS** that the Government's Motion to Lift the Stay and Dismiss the § 2255 Petition [ECF No. 231 in 3:02-CR-33-1] be **GRANTED**. The Petitioner's 28 U.S.C. § 2255 petition [ECF No. 212 in 3:02-CR-33-1; ECF No. 1 in 3:16-CV-103] is **DISMISSED** as untimely. The Government's Motion to Dismiss [ECF No. 219 in 3:02-CR-33-1] is **DENIED AS MOOT**. Because the Petitioner has not demonstrated "a substantial showing of the denial of a constitutional right," the Court **DENIES** a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

The Clerk is **DIRECTED** to strike the above-styled matters from the Court's active docket, enter a separate judgment order in favor of the Respondent and transmit copies of this Order to all counsel of record and the *pro se* Petitioner.

**DATED:** April 11, 2017

_____
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE